**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4366

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RYAN DEAN THURLOW,

Defendant - Appellant.

No. 12-4367

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RYAN DEAN THURLOW,

Defendant - Appellant.

No. 12-4372

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RYAN DEAN THURLOW,

                Defendant - Appellant.

_____

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.   Thomas D. Schroeder, District   Judge.     (1:11-cr-00048-TDS-1;   1:11-cr-00222-TDS-1; 1:11-cr-00223-TDS-1)

_____

Submitted:  March 15, 2013            Decided:  March 21, 2013

_____

Before KING, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Jorgelina E. Araneda, ARANEDA LAW FIRM, Raleigh, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryan Dean Thurlow appeals his conviction and sentence following his guilty plea pursuant to a written plea agreement to two counts of carrying and using by brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2006). Thurlow contends that he was denied the effective assistance of counsel when his counsel advised him to plead guilty. We affirm.

Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record clearly demonstrates ineffectiveness. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006); see also United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.") (internal quotation marks omitted). After review of the record, we conclude that Thurlow has not conclusively shown that his counsel was ineffective.

Accordingly, we affirm the district court's judgment.[*] We dispense with oral argument because the facts and legal

---

[*] In light of this decision, Thurlow's challenge to the imposition of two supervised release revocation sentences also fails.

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED